UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIPRIANO RAMIREZ *et al.*, | Civil No. 09cv1931-L(POR) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION TO DISMISS AND MOTION TO EXPUNGE LIS PENDENS** |
| v. | |
| SCME MORTGAGE BANKERS, INC. *et al.*, | |
| Defendants. | |

In this mortgage foreclosure action, Defendant Aurora Loan Services, LLC ("Aurora") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to expunge *lis pendens*, which Plaintiffs opposed. For the reasons which follow, Aurora's motion to dismiss is **GRANTED** and its motion to expunge *lis pendens* is **DENIED WITHOUT PREJUDICE**.

Plaintiffs allege they owned a residence located at 4035 Thomas Street in Oceanside, California ("Property"). (Compl. at 2.) On March 26, 2006 they refinanced it with a $380,000 loan from Defendants SCME Mortgage Bankers, Inc. ("SCME") and GMAC Mortgage ("GMAC"). (*Id*. at 3.) The loan was secured by a deed of trust on the Property. Because Plaintiffs failed to make payments, the Property was foreclosed upon on July 27, 2009. (*Id*. at 5.) Plaintiffs allege that Aurora is the current servicer of their loan and that the Property was transferred to it at the foreclosure sale. (*Id*. at 2, 5.)

Plaintiffs claim that the loan was induced through Defendants' intentional misrepresentation, that they breached their fiduciary duties and the covenant of good faith and fair dealing implied in the loan agreement between them and Plaintiffs, they negligently extended the loan to Plaintiffs, slandered title to the Property, and violated California's usury laws, California Civil Code Sections 1632, 2923.5 and 2923.6, California Financial Code Sections 4970 *et seq.*, California Business and Professions Code Section 17200 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECRA"), the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602, 1604, 1610, 1639-1641 & 1647-1648 ("HOEPA"), the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiffs seek damages, rescission of the loans, declaratory relief, accounting and to quiet title to the Property.

Aurora filed a motion to dismiss all causes of action for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Plaintiffs filed an opposition, which included a proposed amended complaint. (*See*

docket no. 12 & 12-1.) Instead of the currently alleged eighteen causes of action, Plaintiffs propose to include only seven causes of action in the amended complaint and add Optima Financial, a mortgage broker, as a new Defendant. The court construes this as an admission by Plaintiffs that the following causes of action should be dismissed: third cause of action for breach of the covenant of good faith and fair dealing, fourth cause of action for declaratory relief, sixth cause of action for ECRA violation, seventh cause of action for violation of California Financial Code Sections 4970 *et seq.*, eighth cause of action for negligence, ninth cause of action for usury, eleventh cause of action, but only to the extent it is based on HOEPA violation, thirteenth cause of action for FCRA violation, fourteenth cause of action for slander of title, sixteenth cause of action for violation of California Civil Code Section 2923.6, seventeenth cause of action for violation of California Civil Code Section 2923.5, and eighteenth cause of action for violation of California Civil Code Section 1632. Accordingly, Aurora's motion is **GRANTED** with respect to these claims and they are hereby **DISMISSED WITH PREJUDICE**.

Because Plaintiffs have submitted a proposed amended complaint for the court's consideration whether leave to amend should be granted, and because Aurora has addressed the amended complaint in its reply brief, the court focuses herein on the proposed amended complaint rather than the original complaint. In the proposed amended complaint, only two claims are asserted against Aurora: third cause of action to quiet title and fourth cause of action for accounting and RESPA violation. As Aurora is the only moving party, the court addresses only these claims.

In support of the proposed amended quiet title claim, Plaintiffs allege that the Property was sold to Aurora, their loan servicer, at a foreclosure sale on July 27, 2009. (Am. Compl. at 5, 3.) Plaintiffs claim that the sale was invalid because the notice of default and substitution of trustee were invalid under California law, because the deed of trust was invalid, and because the loan should be rescinded. (*Id.* at 11-13, 6.) They request a judgment that they are the owners in fee simple of the Property and that Defendants have no interest in the Property adverse to Plaintiffs. (*Id.* at 20.)

Plaintiffs argue that the sale is invalid because it is based on an invalid notice of default. The notice of default was recorded on May 22, 2008. (Aurora Ex. B.)[1] The persons who can validly file a notice of default are "[t]he trustee, mortgagee, or beneficiary, or any other authorized agents." Cal. Civ. Code § 2924(a)(1). The notice of default here was filed by Defendant Cal-Western Reconveyance Corporation ("Cal"). (Aurora Ex. B.) Plaintiffs contend that the notice of default was invalid because it was filed by a stranger, who was not the trustee, mortgagee or beneficiary. However, as stated in the statute, the notice can also be filed by "any other authorized agents." The notice identifies Cal as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary." (Aurora Ex. B.) Plaintiffs do not address this language. Nothing in the record indicates that the notice of default was invalid. Furthermore, the proposed amended complaint does not include any factual allegations to support the legal conclusion that the notice of default is invalid. *See Roberts*, 812 F.2d at 1177. Plaintiffs' argument that the notice of default was invalid is rejected.

Next, Plaintiffs argue that the sale is invalid because Cal was not a trustee under the deed of trust and therefore did not have the power to sell the Property at the foreclosure sale. The substitution of trustee, recorded on July 1, 2008 substituted Stewart Title Company of San Diego, the original trustee under the deed of trust, with Cal as the substituted trustee. (Aurora Ex. C.) The substitution was filed by Mortgage Electronic Systems, Inc. ("MERS"). (*Id*.)

Plaintiffs maintain that MERS could not validly substitute the trustee because the "relationship between MERS and Cal. is such that the 'close-connectedness doctrine' prevents MERS from qualifying as a holder in due course without notice . . .." (Opp'n at 5.) The only authority cited in support of this proposition is *Midfirst Bank, SSB v. Haynes & Co., Inc.*, 893 F. Supp. 1304 (D.S.C. 1994). The dispute in *Midfirst* was between the original lender and the assignee of mortgage notes. *Id*. at 1309-10. The issue whether the assignee was a holder in due course without notice given the close connection between the assignor and assignee was decided under the South Carolina version of the Uniform Commercial Code Article Three, which applies

---

[1] A matter of public record outside the pleadings may be considered along with the complaint when deciding a motion to dismiss. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

to negotiable instruments. *Id*. at 1313-18.  Plaintiffs do not explain how this authority is relevant in a dispute between the borrower and a substituted trustee in California.  This argument is therefore rejected.

Moreover, pursuant to California Civil Code Section 2934a(a)(1)(A), a trustee under a deed of trust may be substituted by a recorded substitution executed by a beneficiary under the deed of trust.  MERS was the beneficiary under the deed of trust signed by Plaintiffs.  (Aurora Ex. A at 2 & 3.)  The substitution therefore appears to have been valid under the statute.  To the extent Plaintiffs' argument is based on a statutory violation, it is also rejected.

However, the substitution of trustee provision in the deed of trust differs from the statute.  It provides in pertinent part as follows:

> Substitute Trustee.  Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. . . . This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

(Aurora Ex. A (Deed of Trust) at 13.)  MERS was not the lender, SCME was.  (*Id*. at 1.) Plaintiffs allege in the proposed amended complaint that the substitution was ineffective on this ground.  (*See* Am. Compl. at 6.)  This issue is not addressed by Aurora.  Should the issue of the validity of the substitution of trustee come before this court again in this case, the parties must address with legal argument and citation to pertinent authority the legal significance of the variance between the statute and the deed of trust and how it affects the validity of the foreclosure sale.

Even if the substitution of trustee was not effective and the sale was invalid, however, this would not be sufficient to support a judgment Plaintiffs seek – that they hold unencumbered title to the Property.  Plaintiffs cannot state a claim to quiet title without paying off the debt.  Even if the mortgage is extinguished, the mortgagor of real property cannot, without paying his debt, quiet title against the mortgagee. *Carson Redevelopment Agency v. Adam*, 136 Cal. App. 3d 608, 618 (1982); *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee").

Plaintiffs alleged that they cannot offer to pay the remaining balance because the court

must first determine what amount is due. (Am. Compl. at 13.)  Neither in their original complaint, proposed amended complaint nor their opposition have they offered to pay anything at all.  Considering that the loan amount was $380,000, that they paid less than the interest accruing on the loan every month, and that the loan was made in March 2006, it is clear from the allegations that some amount was due when this action was filed on September 3, 2009, even if the precise amount is disputed. (Compl. at 3, 4; Am. Compl. at 3, 4.)  As Plaintiffs have not offered to repay, much less repaid, the outstanding loan amount, they cannot quiet title to the Property.  Accordingly, Aurora's motion to dismiss the quiet title claim is **GRANTED**.

Having granted Aurora's motion to dismiss this claim, the court must next consider whether Plaintiffs should be granted leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004).  Rule 15 advises the court that leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*.  Although Aurora opposes granting leave, it does not argue that Plaintiffs acted in bad faith or that Aurora would be prejudiced by the delay.  Furthermore, based on the state of the record, the court cannot conclude that an amendment would necessarily be futile.  Accordingly, Plaintiffs are granted **LEAVE TO AMEND** the quiet title claim to allege their ability and willingness to pay off the debt in the amount to be determined in the course of this case.

The only other claim asserted against Aurora in the proposed amended complaint is the fourth cause of action for accounting and violation of 12 U.S.C. Section 2605(e).  After the foreclosure, on August 19, 2009, Plaintiffs sent a letter to Aurora requesting information including the calculation of the principal and interest, copies of all checks or other evidence of

1 Plaintiffs' payment, all debits and credits on their account, accounting for monies applied to
2 suspended or forbearance accounts, etc. (Am. Compl. at 13-14.) They allege that Aurora has
3 not complied with their request. RESPA, 12 U.S.C. Section 2605(e), requires loan servicers
4 such as Aurora to acknowledge receipt of any qualified written request and then make any
5 appropriate corrections to the borrower's account, conduct an investigation and report to the
6 borrower.

7 Aurora argues that Plaintiffs did not adequately allege that their letter was a qualified
8 written request pursuant to RESPA. In the proposed amended complaint, Plaintiffs alleged that
9 they sent a qualified written request to Aurora via certified mail pursuant to 12 U.S.C. Section
10 2605(e) and summarize the information they requested. (Am. Compl. at 13-14.) This is
11 sufficient for purposes of Federal Rule of Civil Procedure 8(a) to allege that they sent a qualified
12 written request. If Aurora desires further to challenge the sufficiency of the letter under section
13 2605(e), it may do so on a summary judgment motion by referring to the actual letter it received.

15 Aurora also maintains that the claim for a section 2605(e) violation fails because
16 Plaintiffs did not allege that they suffered damages as a result of its alleged noncompliance.
17 Plaintiffs request damages and accounting as relief for the alleged violation. (Am. Compl. at
18 14.) To the extent they request actual damages in the proposed amended complaint, they must
19 allege that they suffered them and that Aurora's violation caused them. However, to the extent
20 Plaintiffs seek accounting, the claim is adequately alleged in the proposed amended complaint.
21 Accordingly, Aurora's motion to dismiss this claim is **GRANTED WITH LEAVE TO**
22 **AMEND**.

23 Last, Aurora also moved to expunge *lis pendens*. "[T]he court shall order the notice
24 expunged if the court finds that the pleading on which the notice is based does not contain a real
25 property claim." Cal. Code Civ. Proc. § 405.31; *see also Id.* § 405.5 & 28 U.S.C. § 1964 (state
26 law *lis pendens* provisions apply in federal court). The quiet title claim constitutes a real
27 property claim. Because Plaintiffs have been granted leave to amend it, Aurora's motion to
28 expunge *lis pendens* is **DENIED WITHOUT PREJUDICE**.

Accordingly, it is hereby **ORDERED** as follows:

1. Aurora's motion to dismiss is **GRANTED**.

2. The third cause of action for breach of the covenant of good faith and fair dealing, fourth cause of action for declaratory relief, sixth cause of action for ECRA violation, seventh cause of action for violation of California Financial Code Sections 4970 *et seq*., eighth cause of action for negligence, ninth cause of action for usury, eleventh cause of action, but only to the extent it is based on HOEPA violation, thirteenth cause of action for FCRA violation, fourteenth cause of action for slander of title, sixteenth cause of action for violation of California Civil Code Section 2923.6, seventeenth cause of action for violation of California Civil Code Section 2923.5, and eighteenth cause of action for violation of California Civil Code Section 1632 are **DISMISSED WITH PREJUDICE**.

3. The remainder of the complaint is **DISMISSED WITH LEAVE TO AMEND**. However, for the reasons stated above, Plaintiffs shall not file the proposed amended complaint, but shall further amend it to address the issues discussed above.

4. Aurora's motion to expunge *lis pendens* is **DENIED WITHOUT PREJUDICE**.

5. If Plaintiffs choose to file an amended complaint, they must do so no later than **August 2, 2010**. Defendants shall respond to the amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

DATED: July 19, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL